Appeal of **CITIZENS COAL & SUPPLY CO.**        **Docket No. 965.**

A corporation which kept its books of account upon a calendar year basis for 1918 is required to make a return of net income for the calendar year 1918, even though it advised the collector in September, 1918, that it would thereafter make returns for a fiscal year ended April 30.

Submitted January 28, 1925; decided February 25, 1925.

*John G. Weisbach, Esq.*, for the taxpayer.

*B. G. Simpich, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

### FINDINGS OF FACT.

1. The taxpayer is an Indiana corporation with its principal office in the city of Logansport, Ind.

2. A deficiency letter showing additional income and profits taxes for the year 1918, amounting to $582.25, was mailed to the taxpayer on October 16, 1924.

3. This appeal was filed with this Board on December 6, 1924.

4. The taxpayer is engaged in the selling of coal at wholesale and at retail. Prior to 1918 it kept its books of account and made its income-tax returns upon the basis of the calendar year. On September 24, 1918, the taxpayer addressed a letter to the collector for its district requesting permission to change from a calendar year to a fiscal year basis, and on September 26, 1918, the taxpayer received a

letter from the collector granting permission to make returns of net income and excess profits on a fiscal year basis for each year ended April 30. The collector further stated that its next return should cover the period from January 1 to April 30, 1918, and should be on file in his office on or before March 1, 1919.

Acting upon the instruction of a deputy collector, the taxpayer did not close its books of account as of April 30, 1918, but closed them at December 30, 1918. The taxpayer filed an income-tax return for the calendar year 1918 and claimed that one-third of the net income shown by that return should be considered the net income of the fiscal period January 1 to April 30, 1918. Upon audit of the return the Commissioner disallowed the filing of a return for the four months' period ended April 30, 1918. He claimed that the taxpayer had not closed its books and ledgers on April 30, and that the return which was filed was not in accordance with its bookkeeping methods. He therefore refused to allow the tax to be computed in the manner in which it had been computed by the taxpayer, namely, by taking one-third of the net income for the calendar year and considering it as the income of the fiscal period January 1 to April 30, 1918.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: This appeal raises the question whether a corporate taxpayer may file a return for a fractional part of the calendar year 1918 when in point of fact its books of account are kept upon a calendar year basis. The pertinent facts are stated in the findings of fact.

The Revenue Act of 1916 required corporate taxpayers to make returns upon a calendar year basis; except in those cases where the corporation had established a fiscal year different from the calendar year. In the establishment of such a year the corporation should

give notice of the day it has thus designated as the closing of 'its fiscal year to the collector of the district in which its principal business office is located at any time not less than thirty days prior to the first day of March of the year in which its return would be filed if made upon the basis of the calendar year. (Section 13(a).)

Pursuant to this provision of law and the regulations issued thereunder, the taxpayer received permission from the collector for its district on September 26, 1918, to make returns upon a fiscal year basis ended April 30, and was given instructions that its next return should be filed on or before March 1, 1919, for the fiscal period January 1 to April 30, 1918. It had not closed its books at April 30, 1918, and made no attempt to do so. It did, however, close them at December 31, 1918, and claimed that one-third of the net income for that year was the income for the first four months of the calendar year. The taxpayer alleges that it was advised by a deputy collector that such a procedure was proper.

So far as the evidence shows, the taxpayer has never made a closing of its books of account at April 30, 1918. It has furnished the

Board with no data from which its true net income for the period January 1 to April 30, 1918, could be accurately determined.

The Revenue Act of 1918 was approved February 24, 1919, and was retroactive to January 1, 1918. That act provided an entirely new basis for the making of returns, namely, that a taxpayer should make returns in any case " upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." (Section 212 (b).) The Commissioner now contends that the taxpayer is obligated to make a return for the calendar year 1918 since its books of account were not closed at the end of any month except December during the year 1918 and that its annual accounting period for 1918 was the calendar year.

We are of the opinion that the taxpayer was obligated by the express language of the Revenue Act of 1918 to make a return for the calendar year 1918. It closed its books of account at April 30, 1919, and that closing was with the approval of the Commissioner. It is therefore entitled to make a return for the fiscal period January 1 to April 30, 1919, under the provisions of section 226 of the Revenue Act of 1918.